UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASS CHAPLIN,

                Plaintiff,

v.

U.S. EQUITIES CORP.,

                Defendant.

**ORDER**

22-cv-4116 (ER)

RAMOS, D.J.

On May 19, 2022, Cass Chaplin, who is proceeding *pro se*, filed this action alleging that Defendant violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* Doc. 1. On December 13, 2022, Chaplin submitted a letter to the Court with an address different than the one listed on ECF. *See* Doc. 15. A conference was scheduled for this matter on December 14, 2022. Chaplin failed to appear at that time. On that date, by email, Chaplin informed the Court that his mailing address had changed, and that he had not received a notice regarding the conference. The Court directed Chaplin to file a change of address form with the Clerk's Office. Chaplin did not do so. The Court scheduled another conference on March 26, 2024. *See* Doc. 16. The notice was mailed to both the address listed on ECF and the address indicated in his December 13, 2022 letter. Chaplin again failed to appear. On April 16, 2024, the Court directed Chaplin to submit a status letter by May 17, 2024 as to how he intends to proceed, and warned him that failure to do so may result in a dismissal for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Doc. 17. This letter was also mailed to both the address listed on ECF and the address indicated in his December 13, 2022 letter. However, Chaplin has still not

submitted a status letter. For the reasons set forth below, the Court now dismisses Chaplin's action for failure to prosecute under Federal Rule of Civil Procedure 41(b).

## I.     LEGAL STANDARD

Courts evaluating dismissal under Rule 41(b) must consider:

(1) the duration of the plaintiff's failures,
(2) whether plaintiff had received notice that further delays would result in dismissal,
(3) whether the defendant is likely to be prejudiced by further delay,
(4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard, and
(5) whether the judge has adequately assessed the efficacy of lesser sanctions.

*LeSane v. Hall's Security Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citation omitted). When weighing these factors, "[n]o single factor is generally dispositive." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (citation omitted).

## II.    DISCUSSION

In the instant case, each *LeSane* factor weighs in favor of dismissal. *First*, Chaplin was advised to file a change of address over two years ago, but has yet to do so. A delay of one year in prosecuting a case "falls comfortably within the time frames found sufficient" for dismissal under Rule 41(b). *Salem v. City of New York*, No. 16-cv-7562 (JGK), 2017 WL 6021646, at *2 (S.D.N.Y. Dec. 4, 2017) (citation omitted).

*Second*, Chaplin was given clear notice that failure to respond to Court orders could result in dismissal. On April 16, 2024, the Court specifically warned him that failure to respond to submit a status letter by May 17, 2024 may result in a dismissal for failure to prosecute. Doc. 17.

*Third*, "prejudice to defendants resulting from unreasonable delay may be presumed." *LeSane*, 239 F.3d at 210 (citation omitted).  Because Chaplin has failed to advance his case for over two years, the Court perceives no circumstances rebutting this presumption.

*Fourth*, Chaplin has not taken advantage of his "right to due process and a fair chance to be heard." *Id.* at 209 (citation omitted).  "[I]t is not the function of this Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts." *Honsaker v. City of New York*, No. 16-cv-3217 (AJN), 2020 WL 6082094, at *3 (S.D.N.Y. Oct. 15, 2020) (quoting *Holcombe v. Skupien*, No. 14-cv-1448 (PAC), 2014 WL 6879077, at *3 (S.D.N.Y. Dec. 5, 2014)).

*Fifth*, because Chaplin has ignored a Court order, failed to appear at conferences, and delayed this case for over two years, there are no weaker sanctions that could remedy his failure to prosecute this case.  Dismissal is appropriate where, as here, a plaintiff "appears to have abandoned the litigation." *Dixon v. Urbanskt*, No. 17-cv-1123 (PMH), 2020 WL 4347736, at *3 (S.D.N.Y. July 29, 2020) (citation omitted); *see also McNair v. Ponte*, No. 17-cv-2976 (AT) (GWG), 2020 WL 3402815, at *7 (S.D.N.Y. June 18, 2020) (citing abandonment of claims as reason that any other sanction would be less effective).

For all these reasons, the Court dismisses Chaplin's case with prejudice.  The Clerk of Court is respectfully directed to close the case.

It is SO ORDERED.

Dated:   April 9, 2025
         New York, New York

_____
Edgardo Ramos, U.S.D.J.